**MICHIGAN PROTECTION AND ADVOCACY SERVICE, individually and on behalf Lynn Dybdahl and all others similarly situated, Plaintiff,**

v.

**John N. KIRKENDALL, Washtenaw County Probate Judge, Doris Dybdahl and Gerald Dybdahl, Defendants.**

Civ. A. No. 93–75011.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 5, 1994.

Calvin A. Luker and David M. Stokes, Michigan Protection & Advocacy Service, Livonia, MI, for Michigan Protection and Advocacy Service.

Paul D. Reingold, Nicholas J. Rine and Mark D. Mitsh Kun, Michigan Clinical Law Program, Ann Arbor, MI, for Gerald Dybdahl.

Curtis N. Hedger and Robert E. Guenzel, Harris, Guenzel, Meier & Nichols, P.C., Ann Arbor, MI, for John N. Kirkendall.

*ORDER GRANTING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT AND GRANTING DEFENDANT KIRKENDALL'S MOTION FOR SUMMARY JUDGMENT*

GADOLA, District Judge.

On December 9, 1993, 841 F.Supp. 796, this court entered an order granting plaintiff's motion for preliminary injunction preventing defendants Doris and Gerald Dybdahl from subjecting their ward, Lynn Dybdahl, to an involuntary sterilization without there first having been a due process hearing to determine the propriety of such an extreme measure in relation to the patient's rights. The court directed no part of its December 9, 1993 order to defendant Kirkendall because Kirkendall had not ordered that Lynn Dybdahl be sterilized but had held only that the guardians had the right to make the decision as to sterilization. The court's December 9, 1993 opinion held, however, that the United States Constitution requires that a full due process hearing be held prior to any legal guardian being authorized to consent to a surgical sterilization of the guardian's ward.

On June 22, 1994, plaintiff filed the instant motion for declaratory relief asking the court to adopt its December 9, 1993 order as a final order which shall serve to close this case. Defendant Kirkendall, the only defendant remaining in this case, filed a response June 28, 1994, stating that he has no objection to the plaintiff's motion for declaratory relief.

On March 1, 1994, defendant Kirkendall filed a motion for summary judgment asking that no prospective relief be granted against him. Although that motion was originally opposed by plaintiff in a response filed April 4, 1993, the court deems plaintiff's motion for declaratory relief as conceding that, with respect to the case of Lynn Dybdahl, no further relief, prospective or otherwise, against defendant Kirkendall is requested. Therefore, the court shall grant Kirkendall's motion for summary judgment.

***ORDER***

Therefore, it is hereby **ORDERED** that plaintiff's motion for declaratory judgment is **GRANTED.**

It is further **ORDERED** that the December 9, 1993 order and opinion of this court is hereby **ADOPTED** as this court's final order.

It is further **ORDERED** that defendant Kirkendall's motion for summary judgment is hereby **GRANTED.**

All issues having been resolved to the satisfaction of all parties, it is therefore **ORDERED** that this case is hereby **CLOSED.**

**SO ORDERED.**